UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DE JESUS DURAN MORENO, | Case No.  1:26-cv-02249-JLT-HBK (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE |
| v. | |
| U.S. ATTORNEY GENERAL, ICE/ERO, | (Doc. 7) |
| Respondent. | |

Pending before the Court is pro se Petitioner's Motion to Appoint Counsel, filed on May 4, 2026. (Doc. 7). Petitioner is an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the California City Detention Facility in California City, California, challenging his detention (1) because he was approved for Temporary Protected Status ("TPS") and therefore is "lawfully" within the United States, (2) as a violation of his procedural and substantive due process rights as he has been detained without a bond hearing, and (3) as the conditions are harmful to his health and his family. (Doc. 1 at 6-7). As relief, the Petition seeks, *inter alia*, immediate release from custody. (*Id*. at 7).

Petitioner seeks appointment of counsel due to "the complexity of the law on immigration" and his belief that his Petition has a "strong chance of success." (Doc. 7 at 2). As a

threshold matter, there is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); see also *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). To make this assessment, courts consider a petitioner's (a) "likelihood of success on the merits" and (b) "ability ... to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Alternatively, the Rules Governing Section 2254 Cases in the United States District Courts[1] require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c); *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

The Court granted Petitioner *in forma pauperis* status. (Doc. 4). As to the likelihood of success, Petitioner contests his current detention pending removal proceedings. To better ascertain the basis of Petitioner's detention and evaluate Petitioner's claims, the Court directed Respondent to respond to the Petition. Respondents recently filed an Answer with attached records necessary for considering the Petition on April 29, 2026. (Doc. 6).

Having reviewed the Petition, Answer, and the existing record, the Court concludes that appointment of counsel is not warranted at this time. The material facts are adequately developed in the court record, and no evidentiary hearing is necessary. The Court finds further briefing by appointed counsel is unlikely to materially assist the Court in its resolution of the case. Further, Petitioner's filings demonstrate sufficient ability to present the relevant facts and legal arguments pro se. Under these circumstances, the interests of justice do not require appointment of counsel, and the motion is therefore denied without prejudice to renewal should circumstances materially

---

[1] The Rules governing section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See Id*., R. 1(b).

change.

Accordingly, it is ORDERED:

Petitioner's motion for appointment of counsel (Doc. 7) is denied without prejudice.


Dated:    May 5, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE